```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL M. CAPOTE, on behalf of himself and all others similarly situated,

                        Plaintiff,

-against-

S. KATZMAN PRODUCE, INC., d/b/a S. KATZMAN PRODUCE, STEPHEN KATZMAN, STEFANIE KATZMAN, and MARIO ANDREANI,

                        Defendants.

15 Civ. 9632 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On December 9, 2015, Plaintiff, Angel M. Capote, filed this action, on behalf of himself and all others similarly situated, alleging violations of, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 190 *et seq.* and §§ 650 *et seq.* By joint letter dated March 18, 2016, the parties seek the Court's approval of their proposed settlement agreement. For the reasons stated below, the parties' request is DENIED without prejudice to renewal.

## DISCUSSION

Before approving a FLSA settlement, a district court "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In making this assessment, the court should consider the totality of the circumstances, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the

>litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted). Among other reasons, *see id.* at 336, courts should disapprove agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims, *Cheeks*, 796 F.3d at 206.

In addition, courts in FLSA cases must assess whether a proposed award of attorney's fees is reasonable. Under the FLSA, a prevailing plaintiff is entitled to reasonable attorneys' fees and expenses. 29 U.S.C. § 216(b). Awarding attorneys' fees in this context is meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). Indeed, "[b]ut for the separate provision of legal fees, many violations of the [FLSA] would continue unabated and uncorrected." *Id.*

Having carefully reviewed the parties' submissions, the Court identifies two problems with the proposed settlement agreement. First, the proposed releases in paragraph three of the agreement are too sweeping to be "fair and reasonable." ECF No. 10-1 ¶ 3. In effect, these provisions waive any possible claims against Defendants—including unknown claims and claims that have no relationship to wage-and-hour issues. *Id.* Courts "typically reject such broad releases" when scrutinizing settlement agreements. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). The Second Circuit, for example, has held that class action releases "may include claims not presented and even those which could not have been presented," but only when "the released conduct arises out of the identical factual predicate as the settled conduct." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 107 (2d Cir. 2005)

(internal quotation marks omitted). And broad releases are "doubly problematic" in the FLSA context, where courts have a duty to police unequal bargaining power between employees and employers. *Lopez*, 96 F. Supp. 3d at 181; *see also Garcia v. Jambox, Inc.*, No. 14 Civ. 3504, 2015 WL 2359502, at *4 (S.D.N.Y. Apr. 27, 2015) (holding that the "broad-sweeping release" found in the settlement agreement was inconsistent with the FLSA's underlying policies). Accordingly, the Court shall not approve the agreement, unless the releases relate only to the claims in this action.

Second, Plaintiff's counsel provides no supporting documentation for their request for attorneys' fees and expenses. The Court shall not award attorneys' fees and expenses unless Plaintiff's counsel provides, at minimum, "contemporaneous billing records documenting for each attorney, the date, the hours expended, and the nature of the work done," *Lopez*, 96 F. Supp. 3d at 181-82 (quoting *Wolinsky*, 900 F. Supp. 2d at 336), as well as documentation supporting the lodestar calculation.

## CONCLUSION

Accordingly, the parties' request to approve the proposed settlement is DENIED without prejudice to renewal. By **April 29, 2016**, the parties are directed to file a revised settlement agreement and supporting documentation in accordance with this order.

The Clerk of Court is directed to terminate the motion at ECF No. 10.

SO ORDERED.

Dated: April 4, 2016
       New York, New York

                                                          ANALISA TORRES
                                          United States District Judge