UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL M. CAPOTE, on behalf of himself and all others similarly situated,

Plaintiff,

-against-

S. KATZMAN PRODUCE INC., d/b/a S. KATZMAN PRODUCE, STEPHEN KATZMAN, STEFANIE KATZMAN, and MARIO ANDREANI,

Defendants.

15 Civ. 9632 (AT) (JCF)

**DECLARATION OF LOUIS PECHMAN IN FURTHER SUPPORT OF THE PARTIES' SETTLEMENT**

I, Louis Pechman, declare as follows:

1. I am the principal attorney at Pechman Law Group PLLC ("PLG"), counsel for plaintiff Angel M. Capote ("plaintiff" or "Capote") in the above-referenced matter. I am admitted to practice before this Court, and am a member in good standing of the bar of the State of New York. I respectfully submit this declaration in further support of the parties' joint request for approval of their settlement (ECF No. 10) and in response to the Court's Order, dated April 4, 2016 (ECF No. 11).

2. PLG is a five-attorney law firm that represents both employers and employees in all aspects of labor and employment law, including wage and hour matters under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"). PLG has prosecuted over 200 wage and hour actions, ranging from single employee matters to collective, class, and hybrid actions.

3. Gianfranco J. Cuadra and I have been the two attorneys primarily responsible for the prosecution of the claims in this matter. As such, I am personally familiar with the facts and circumstances discussed herein. Attached as Exhibit A to

this Declaration is a true and correct copy of PLG's time entries in relation to this matter.

**I. The Time Spent in the Prosecution of the Case Has Been Reasonable**

4. Mr. Cuadra and I have spent significant time on this case. As detailed in the parties' joint motion (ECF No. 10), a considerable portion of that time was spent analyzing this matter before its filing, negotiating a possible resolution with opposing counsel, analyzing documents exchanged for settlement purposes, and calculating and discussing damages. Nevertheless, we have taken care throughout this litigation to ensure that the number of hours that we recorded fairly reflected legitimate efforts to prosecute this case on behalf of Capote.

5. Depending on the matter, PLG charges clients either by the hour or on a contingency basis. Regardless of the matter, it is PLG's practice in all cases to have attorneys keep contemporaneous records of their time. Records of expenses are also recorded as they are incurred and paid. Attorney time and expense records are entered into an electronic timekeeping program called RocketMatter, which tabulates the time spent by all of the attorneys as well as the expenses incurred on a given matter. *See* Ex. A.

6. We reviewed our time records to ensure that there were no duplicative entries, and Mr. Cuadra, whose hourly billable rate is lower than mine, performed more work when appropriate. Indeed, although Mr. Cuadra and I consulted with each other frequently during this case, Mr. Cuadra handled the brunt of the workload.

7. Mr. Cuadra handled the day-to-day interactions with Capote and a majority of the interactions with defense counsel, including settlement negotiations and the drafting of the settlement agreement. Mr. Cuadra also drafted the Complaint, performed the damage calculations, reviewed the parties' tolling agreement, reviewed

all documents relevant to the case, and exchanged correspondences with opposing counsel. I reviewed and commented on the drafts of these papers, and exchanged correspondences with opposing counsel; however, the final product was the product of collaborative and not duplicative efforts.

8. To the extent that any attorney performed work more appropriate for a paralegal, such as creating client files, scanning or coping documents, and adding contact information to PLG's database, we have excluded that time. For example, a PLG paralegal spent 2.6 hours creating case files and folders and downloading Capote's paystubs from ADP's website, but we did not bill for that time.

9. For these reasons, we believe that the time spent by PLG in connection with this case has been reasonable.

## II. The Hourly Rates Charged by PLG Are Reasonable

10. Since graduating from Fordham Law School in 1983, I have specialized in labor and employment law. I was an attorney at Skadden, Arps, Slate, Meagher & Flom LLP; Vladeck, Waldman, Elias & Engelhard, P.C.; the *Daily News*; and Lambos & Giardino/ Lambos & Junge. From 1996 through 2014, I was a partner in the firm Berke-Weiss & Pechman LLP, and on January 1, 2015, I founded PLG.

11. Over the past several years, I have handled over two-hundred FLSA and NYLL cases, representing both employees and employers, including Fortune 500 corporations. I have been appointed class counsel or counsel for FLSA Collectives in several FLSA cases. *See, e.g., Carino v. Broadway & 166, LLC et al.*, No. 10 Civ. 8506, Docket No. 35 at *4 (S.D.NY. May 1, 2013) (recognizing that Louis Pechman "used his considerable expertise in this wage and hour case to achieve an excellent result for the Class in a highly efficient manner."); *In re Chickie's and Pete's Wage and Hour Litigation*, No. 12 Civ. 6820, Docket Entry No. 80 at *1 (consolidating cases and appointing Louis

Pechman as lead counsel) (E.D.Pa. Mar. 28, 2013); *Duchene v. Michael Cetta, Inc. et ano*, No. 06 Civ. 4576, 2009 U.S. Dist. LEXIS 85955, at *7 (S.D.NY. Sept. 10, 2009) (recognizing Louis Pechman's "extensive experience in litigating wage and hour class actions"); *In re Milos Litig.*, No. 08 Civ. 6666, 2011 U.S. Dist. LEXIS 138473 (S.D.N.Y. Sept. 8, 2011) (awarding attorneys' fees and costs to Louis Pechman as Class Counsel).

12. Since 2010, I have moderated an annual program at the New York County Lawyers' Association on "How to Handle a Wage and Hour Case." On October 6, 2015, I moderated a program at the City Bar on "Current Issues in Settlement of FLSA Cases," which included Judge Lewis A. Kaplan, Magistrate Judge Ronald L. Ellis, and Judge Brian M. Cogan. On September 30, 2015, I moderated a Bloomberg BNA webinar entitled "Top Ten FLSA Litigation Issues: 2015 Edition," which included Magistrate Judge Ramon E. Reyes. On March 11, 2016, I spoke at the Employment Law Institute at the NYC Bar Association on a panel titled, "Prosecuting & Defending Wage and Hour Cases." I am also Chair of the Restaurant and Hospitality Law Committee of the Association of the Bar of the City of New York.

13. PLG is "A-V" rated by Martindale-Hubbell and my peers have selected me for inclusion in *The Best Lawyers in America* and in *New York Super Lawyers* since 2007. I have also been selected as a Fellow of the American Bar Association, an honorary organization limited to 1% of attorneys who have demonstrated outstanding achievements and dedication to the highest principles of the legal profession.

14. Gianfranco Cuadra received his J.D. degree *magna cum laude* from Hofstra Law School in June 2009, where he was Research Editor of the Hofstra Law Review. Mr. Cuadra is admitted to practice in this Court, and is a member in good standing of the New York State Bar. He has worked at PLG as an associate attorney since March 2015, and has been actively involved in the litigation of dozens of wage and hour cases.

He has independently conducted and defended depositions, attended Court conferences, drafted and filed motions, and settled single and multi-plaintiff and class and collective wage and hour actions. Prior to joining PLG, Mr. Cuadra worked as a litigation associate at Winston & Strawn LLP, where his billable hourly rate was $475.00. Mr. Cuadra's regular hourly rate at PLG is $400 for all clients.

15. Based on PLG's extensive experience in precisely this type of litigation and our thorough familiarity with the factual and legal issues in this case, we believe that the hours reported, compiled from contemporaneous time records maintained by each attorney participating in the case, are reasonable and were necessarily expended on this litigation.

16. Below is a chart summarizing the specific attorneys, their hourly rates, and their total time worked on this matter, in addition to the total paralegal time for time spent by PLG on this matter:

| Professional's Name | Position | Total Hours | Hourly Rate | Fees |
|---|---|---|---|---|
| Louis Pechman | Partner | 17.1 | $600.00 | $10,260.00 |
| Gianfranco J. Cuadra | Associate | 63.3 | $400.00 | $25,320.00 |

**TOTAL: $35,580.00**

17. The rates reflected in the chart above are the rates actually paid by PLG's hourly clients.

18. Below is a chart summarizing all reasonable expenses that PLG incurred in the prosecution of this matter:

| PLG Expense Incurred & Description | Amount |
|---|---|
| Purchase of reports regarding the assets and liabilities of all corporate and individual defendants. | $48.00 |
| FOIL/FOIA requests re defendants. | $13.50 |
| Filing fee in the Southern District of New York. | $400.00 |

**TOTAL EXPENSES: $461.50**

19. Since 2013, I have had approximately 100 corporate and individual clients that have paid the hourly rates listed above for my services at $600.00 per hour. Among the clients I have represented at a rate of $600.00 per hour are an advertising company, a shoe manufacturer, a money management firm, several restaurants, bakeries, a Broadway theater, a financial recruiting firm, and a transportation company. We also represent individuals such as managing directors at Wall Street firms, executives, and other individuals who retain my services at the $600.00 rate.

20. My Firm's usual hourly billing rates are reasonable because these are the rates that I actually charge my clients and these are the rates that my clients pay.

21. In this representation, the retainer agreement provided plaintiff with the option of retaining my firm on an hourly basis at my firm's usual hourly billing rates, or a contingency of one-third of the recovery. Although this is customary for all of our retainers, no plaintiff in our FLSA cases has ever retained our services at an hourly rate. The relevant language from Capote's retainer agreement is as follows:

> You have been offered to retain our services at our regular hourly rate for cases involving failure to pay wages (*i.e.* $600 per hour), but you have requested to retain our services on a contingency basis.

22. PLG's current lodestar of $36,041.50 is well above the reasonably requested one-third contingency fee of $23,640.50. The one-third requested is a fair and reasonable amount as Capote and PLG did not only agree it upon in the retainer agreement, but courts in the Second Circuit also routinely approve it. *See, e.g.*, *Hyun v. Ippudo USA Holdings*, 14 Civ. 8706, at *3 (S.D.N.Y. Feb. 24, 2016) (awarding one-third contingency fee and noting that it is "common in this District"); *Ahmend v. Landry's, Inc.*, No. 15 Civ. 2186 (AT), at *1 (S.D.N.Y. Nov. 23, 2015) (ECF No. 43) (Court approved attorneys' fee equal to one-third plus reasonable costs and expenses); *Calle v. Elite*

*Specialty Coatings Plus, Inc.*, No. 13 Civ. 6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014).

23. The parties have amended Section 3, the release provision, of their Settlement Agreement. Under the revised release, Capote is releasing only his wage and hour claims against defendants, and defendants are releasing any claims that they had, have, or could have had against Capote arising out of or relating to this action. Attached as Exhibit B is an executed copy of the revised Settlement Agreement.

24. The parties are available to address any other questions or concerns that the Court may have, and thank the Court for its time and attention to this matter.

Dated: New York, New York
April 14, 2016

Louis Pechman, Esq.